IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
JESSICA DESERIO-MINTZ, ROBERT MINTZ,

Plaintiff,

                                                     **PROPOSED**
                                                     **SCHEDULING ORDER**

-against-                                                CV 14-4942 (LDW) (ARL)

C.R. BARD, INC., BARD PERIPHERAL
VASCULAR, INC., DOES 1 THROUGH 100,

Defendants,
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

## JOINT RULE 26(f) REPORT

      Pursuant to Fed. R. Civ. P. 26(f)(1), the parties conferred to discuss a discovery plan for this action. Now, pursuant to Fed. R. Civ. P. 26(f)(2) and (3), the parties jointly submit this proposed discovery plan for the court's consideration.

### I.   PRELIMINARY STATEMENT

      In this product liability action, the plaintiff, Jessica Deserio-Mintz, has sued C. R. Bard, Inc. ("Bard") and Bard Peripheral Vascular, Inc. ("BPV"), the manufacturer and seller of a medical device called the Recovery® Filter System. A Recovery® Filter is a device that is placed in the inferior vena cava leading to the heart to help prevent potential pulmonary emboli.

      In her Complaint, Plaintiff claims that a Recovery® Filter was placed in her inferior vena cava in July, 2005. Plaintiff alleges that the device subsequently fractured in multiple locations and migrated to her vital organs causing her injury and

damage.  Plaintiff further alleges that she has suffered and will continue to suffer significant medical expenses, pain and suffering, loss of enjoyment of life, and other losses and will require ongoing medical care to monitor the fractured shards in her body.  In her Complaint, Plaintiff further alleges lawsuit that the Recovery® Filter placed in her was defective and caused her to suffer injuries. Plaintiff's claims sound in negligence, strict products liability, breach of warranty and design and manufacturing defects.  Plaintiff has alleged that Defendants knew or should have known that conditions such as morbid obesity or open abdominal procedures could affect the safety of the device.

While Defendants admit they manufactured, marketed and/or distributed the Recovery® Filter, they deny the Plaintiff's allegations generally, deny that the filter was defective, and deny that they are liable to Plaintiff. Defendants contend that they introduced the Recovery® Filter into the market after it was cleared by the United States Food and Drug Administration. Defendants further contend that the risk of fracture and migration are known and well-documented risks with all IVC filters and that the medical community as a whole accepts these complications given the benefits and potentially life saving nature of these devices. Additionally, Defendants contend that the risk of migration and fracture, among others, were warned about in the Instructions for Use that accompanied the filter that was implanted in Plaintiff.

## II. DISCOVERY SCHEDULE

### A. Subjects

The parties will need to conduct discovery regarding numerous issues, including, the following providing a preliminary overview:

1. the design, manufacture, marketing, testing, warnings and distribution of the Recovery® Filter;

2. the causal link, if any, between any alleged defect in the device and Plaintiff's injuries;

3. Plaintiff's medical condition and course of treatment; and

4. Plaintiff's damages.

B. **Schedule of Deadlines and Court Appearances**

This case involved highly technical issues which will require the use of multiple expert witnesses. The parties anticipate the exchange of significant discovery and voluminous numbers of documents. With that in mind, and subject to the court's approval, the parties propose the following schedule for the completion of discovery, subject to enlargement upon further consultation between the parties and with the Court's approval:

1. Deadline for completion of automatic disclosures required by Rule 26(a): **December 1, 2014**;

2. Time to Move to Join Additional Parties by either party: **March 2, 2015;**

3. Written Discovery Deadline: **May 15, 2015**;

4. Factual Discovery Deadline: **July 3, 2015;**

5. Designation of Plaintiff's Experts and Report Deadline: **July 14, 2015**;

6. Designation of Defendants' Experts and Report Deadline: **September 2, 2015;**

7. Plaintiff's Expert Deposition Deadline: **October 2, 2015;**

8. Defendants' Expert Deposition Deadline: **November 2, 2015;**

9. Date for Completion of Expert Discovery: **November 2, 2015;**

10. Dispositive Motions Deadline: **December 15, 2015;**

11. Responses to Dispositive and *Daubert* Motions: **January 15, 2016**;

12. Replies to Dispositive and *Daubert* Motions: **February 15, 2016;**

13. Deadline for Motions in Limine: **TBD by Court**

14. Pretrial Conference: **TBD by Court**

### III. ELECTRONICALLY-STORED INFORMATION

The Defendants are currently involved in a number of lawsuits regarding their IVC filters across the country. As part of those lawsuits, and pursuant to an order entered by an Arizona court case relating to electronically stored information (ESI), the defendants represent that they have processed, reviewed, and produced over two million pages of ESI and hard copy documents. *See* Order attached hereto as Exhibit A, dated January 12, 2011, in *Katrina Newton, et al. v. C. R. Bard, et al.,* Case No. CV 2009-019232 (Superior Court of Maricopa County, Arizona). Additional ESI has been produced in subsequent litigation. The Defendants will begin to produce copies of the aforementioned ESI after a protective order is entered. In the event that Plaintiffs believe that additional ESI needs to be processed or produced (including by use of new and/or additional search terms) or reviewed thereafter, the parties will meet and confer in good faith in an effort to reach an agreement about what additional, if any, ESI should be processed and produced.

### IV. CONFIDENTIALITY ORDER

Subject to the court's approval, the parties have agreed to the entry of a confidentiality order. The agreed-upon form is attached as Exhibit "B."

4

## V.  DISCOVERY LIMITATIONS

At the present time, the parties do not request any changes to the limitations on discovery imposed by the federal and local rules.

## VI. MAGISTRATE JUDGE

The parties do not consent to trial before magistrate judge pursuant to 28 USC §636(c).

Dated: November 4, 2014

Respectfully submitted,

ALONSO KRANGLE LLP

*/s/ Andres F. Alonso*
Andres F. Alonso (AFA 8307)
David B. Krangle (DBK 8085)
445 Broad Hollow Road, Suite 205
Melville, NY 11747
Tel:  (516) 350-5555
AAlonso@alonsokrangle.com
DKrrangle@alonsokrangle.com
Attorney for Plaintiff

REED SMITH LLP


*/s/ Daniel K. Winters*
Daniel K. Winters (DW 1158)
Jennifer Guidea
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel:  (212) 521-5400
dwinters@reedsmith.com
jguidea@reedsmith.com

Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

5