IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JESSICA DESERIO-MINTZ and ROBERT MINTZ, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Civil Action No.: |
| vs. | ) | 2:14-cv-04942-LDW-ARL |
| | ) | |
| C. R. BARD, INC., a foreign corporation, | ) | **CONSENT PROTECTIVE ORDER** |
| BARD PERIPHERAL VASCULAR, INC., a | ) | |
| foreign corporation, and DOES 1 through | ) | |
| 100, inclusive, | ) | |
| | ) | |
| Defendants. | ) ) | |

WHEREAS during disclosure and discovery proceedings in this action, certain documents and information have been or may be requested, sought, produced, or exhibited by, between, and among the parties to this action, which relate to or contain "confidential information" that consists of the parties' trade secrets; confidential research, development, or proprietary commercial information; or confidential and private psychiatric, psychological, medical condition, and/or employment information; which is entitled to protection from disclosure outside this litigation and is subject to a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties to this action, through their respective counsel, have agreed that a protective order preserving the confidentiality of certain documents and information should be entered by the Court.

THEREFORE, THE PARTIES STIPULATE THAT IT SHALL BE HEREBY ORDERED that:

I.    **Definitions**

1.    **Confidential Information.** "Confidential Information" is defined herein as any information that constitutes, reflects, discloses, or contains: (1) a "trade secret or

other confidential research, development, or commercial information" that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G); and (2) information that may be protected from disclosure under a party's constitutional right of privacy such as confidential and private psychiatric, psychological, medical condition and/or employment information.

2.      **Trade Secret.** A party, in designating information "Confidential" because it contains a "Trade Secret," shall designate only information that meets the definition of trade secret contained in 18 U.S.C.A. § 1839 (West):

> the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if –
>
> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public

3.      **This Action.** "This Action" means *Jessica Deserio-Mintz and Robert Mintz v. C. R. Bard, Inc., et al.*, Civil Action No. 2:14-cv-04942-LDW-ARL, pending in the United States District Court for the Eastern District of New York.

## II.      Information Within The Scope of The Protective Order

4.      This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during This Action, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to This Action or its representatives (the "Supplying Party") to

any other party or parties to This Action or their representatives (the "Receiving Party"), whether provided voluntarily, pursuant to formal discovery procedures, or otherwise.

## III.  Designating Information As "Confidential" Pursuant to This Protective Order

5.  **Documents.** Any Supplying Party producing documents that contain information that meets the definition of Confidential Information as provided in Paragraph 1 and 2 herein, may designate the contents of the documents as "Confidential" prior to or at the time of production by placing the following designation on the documents: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Where a document consists of more than one page, each page of the document shall be designated as such. Any document or information for which it is impracticable or impossible to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question including a BATES number, where applicable.

6.  If a Supplying Party makes documents or information available for inspection, rather than delivering copies to another party, no "Confidential" designation is required in advance of the initial inspection. For the purpose of initial inspection only, the documents shall be considered "CONFIDENTIAL." Upon production of the inspected documents, the Supplying Party shall designate which of the produced or copied documents and materials are or contain Confidential Information pursuant to Paragraph 5 of this Protective Order.

7.  **Written Discovery.** If responses to written discovery contain Confidential Information as defined in Paragraph 1 and 2 of this Protective Order, the Responding Party may designate the responses as Confidential Information by designating the responsive documents and information as set forth in Paragraph 5 with specific indication of the page and line references of the material that is "Confidential" under the terms of this Protective Order.

8.     **Depositions.** The parties may designate as Confidential any deposition transcript, or portions thereof, in this action that meets the definition of "Confidential Information" provided in Paragraphs 1 and 2 of this Protective Order. Counsel for the designating party shall advise the court reporter and the parties on the record during the deposition or by letter no later than thirty (30) calendar days after the court reporter provides the parties with the final deposition transcript. If any portion or all of a deposition transcript is designated as Confidential Information, the court reporter shall label the cover page of the original and one copy of the transcript to state that Confidential Information is contained therein, and shall label as "Confidential" each page of the transcript and/or exhibits to the deposition transcript that constitute Confidential Information. Confidential designations of transcripts or portions thereof apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript or portion thereof released prior to the expiration of the 30-day period as "DO NOT DISCLOSE - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Deposition transcripts or portions thereof will be treated as Confidential Information until expiration of the 30-day period. If any party does not designate the transcript as "Confidential" either at the time of the deposition or within the 30-day period defined above, no portion of the entire transcript will be deemed "Confidential" and the "DO NOT DISCLOSE- SUBJECT TO FURTHER CONFIDENTIALITY REVIEW" legend shall be removed. The 30-day period may not be extended without mutual agreement of the parties.

9.     **Confidential Information Produced By Third Parties.** A party in This Action may designate as Confidential any document, information, or testimony produced or supplied by any person or entity not a party to This Action that constitutes or meets the definition of Confidential Information as defined in Paragraphs 1 and 2 of this Protective Order. The party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving

information from a third party shall treat such information as Confidential Information during this thirty (30) day period while all parties have an opportunity to review the information and to determine whether it should be designated as confidential. Any party designating third party information as Confidential Information shall have the same rights, duties, and obligations, as a Supplying Party under this Protective Order.

        10.    **Publicly Available Information.**    The restrictions and obligations set forth herein shall not apply to information that is at the time of production or disclosure, or subsequently becomes, through no wrongful act on the part of the Receiving Party, generally available to the public through publication or otherwise.

## IV.   Limitations on Use of Confidential Information

        11.    All Confidential Information shall be used for the purpose of this lawsuit only, and except as permitted by this Protective Order, the parties and their respective attorneys, as well as experts or consultants, shall not give, show or otherwise divulge or disclose the Confidential Information, or any copies, prints, negatives or summaries thereof to any person or entity. Notwithstanding the foregoing provisions of this paragraph, nothing in this Protective Order shall prevent the use of any of the documents or electronically stored information ("ESI") produced pursuant to this Protective Order in other actions brought by the plaintiff's counsel, so long as a comparable protective order is entered in those other actions.

        12.    Confidential Information pursuant to this Protective Order shall be treated by the parties, their counsel, and any other signatory to this Protective Order as being confidential and private. Any copy of Confidential Information shall have the same status as the original. The disclosure and use of Confidential Information shall be confined to the permissible disclosures and uses set forth in this Protective Order, and no one shall disclose or use Confidential Information in a manner inconsistent with the terms and intent of this Protective Order.

13.    Confidential Information may be disclosed only to the following persons and shall be used solely for the litigation of This Action and may not be disclosed to anyone not authorized under this paragraph:

a.    Parties, their representatives, in-house counsel and regular employees who are actively engaged in, or actively overseeing This Action;

b.    Counsel of record, their associated attorneys, and support staff, including paralegal and secretarial personnel who are working on This Action;

c.    Experts and consultants (including their employees) who are consulted or retained by a party to assist in the litigation of This Action;

d.    Third-party contractors and their employees who are consulted or retained by one or more parties to provide litigation support or copy services in connection with the litigation of This Action;

e.    Witnesses or prospective witnesses in This Action;

f.    Court reporters, videographers, and other persons involved in recording deposition testimony in This Action;

g.    The Court and its personnel, including any mediators and/or special masters appointed by the Court, or, if on appeal, the court with appellate jurisdiction; and

h.    Jurors in This Action.

14.    Prior to the disclosure of any Confidential Information to any person identified in Paragraph 13 above (except Court personnel and jurors), the disclosing party will provide each potential recipient of Confidential Information with a copy of this Protective Order, which said recipient shall read. Upon reading this Protective Order, such person shall sign an Agreement to Maintain Confidentiality, annexed to this

Protective Order as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. Notwithstanding the foregoing provision, Confidential Information may be disclosed to a witness who will not sign an Agreement to Maintain Confidentiality in a deposition at which the party who has designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. These Agreements are strictly confidential and shall be maintained by counsel for each party and, only with good cause shown and separate court order, will the Agreements be disclosed to the opposing side. Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Agreements but must comply with the terms of this Protective Order.

15. All persons receiving or given access to Confidential Information in accordance with the terms of this Protective Order consent to the continuing jurisdiction of this Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

16. Confidential Information shall not be placed or deposited in any sort of data bank that is made available for indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses, or any other persons or entities not working on This Action and not signatories to this protective order. This paragraph and the other provisions of this Protective Order shall not apply to materials which, if challenged by any party, the Court rules are not entitled to protection. This paragraph does not limit or restrict in any way the manner in which a party may store and make Confidential Information available to the attorneys, support staff, experts, and any other persons or entities working on This Action, provided the general terms of this Protective Order are followed.

17. The parties and their counsel as well as their technical consultants and experts shall also neither sell, offer, advertise, publicize, nor provide under any condition

any Confidential Information produced by any other party to any competitor of any defendant or to any employee of any competitor (irrespective of whether they are retained as an expert by a party in This Action).

18.     Each Party agrees that, in the event either of the parties is served by a non-party with a subpoena for Confidential Information that was originally provided and claimed as Confidential by another party, the Receiving Party will give notice to the Supplying Party, where reasonably possible, no less than ten (10) business days prior to disclosure by providing a copy of the subpoena, to allow a reasonable opportunity for the Supplying Party to object to such production before any production takes place.

19.     If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall take reasonable efforts to immediately (a) inform the Supplying Party in writing of such disclosure, including to whom the material was disclosed; (b) make a reasonable effort to retrieve all copies of the Confidential Information only to the extent the Receiving Party has control over the unauthorized disclosed documents; (c) to the extent the Receiving party has control over the person or persons to whom unauthorized disclosures were made, inform the persons of the terms of this Protective Order.

## V.     Changes In and Objections to Designation of Information

20.     **Inadvertent Disclosure of Confidential Information.** If a Supplying Party through inadvertence produces any documents containing Confidential Information without designating the documents as such in accordance with Paragraph 5 of this Protective Order, such inadvertence does not waive any claim for confidentiality that the Supplying Party may possess, so long as the Supplying Party notifies the Receiving Party of the Confidential Information designation in writing within twenty (20) days of the date that the Supplying Party became aware or reasonably should have become aware of the failure to designate the information as Confidential Information. If a Supplying Party fails to designate information as Confidential Information within this

twenty (20) day period, the Supplying Party waives its right to designate the documents as Confidential Information. The Supplying Party shall also supply the Receiving Party with a new copy of the documents designated in accordance with Paragraph 5 of this Protective Order, which shall be substituted for the undesignated documents. Upon receipt of the substitute documents, the Supplying Party shall promptly return or destroy the improperly-designated document(s). Upon receipt of the Supplying Party's notice of the inadvertent disclosure, the Receiving Party shall, within a reasonable time, not to exceed twenty (20) days, (a) treat such material in accordance with this Order; (b) take reasonable steps to notify any person to whom the Receiving Party disclosed such information of the new confidential designation; (c) take reasonable steps to procure the return of all copies of such material from any such persons known to have possession of such material who are not entitled to receipt of Confidential Information under the terms of this Protective Order; (d) request in writing that such person procure the return of such information from any persons to whom such person may have disclosed the information.

Notwithstanding the foregoing provisions of this section, the Supplying Party shall be deemed to have waived any claim of confidentiality with respect to information inadvertently not claimed as confidential to which the Supplying Party fails to claim as Confidential Information, prior to sixty (60) days from the close of discovery.

21. **Challenges to Designation of Confidential Information.** A Receiving Party may challenge a Supplying Party's designation or re-designation by notifying the Supplying Party in writing that the confidentiality designation does not meet the definition of "Confidential Information." The designation by any party of Confidential Information raises no presumption that the information or documents are entitled under the law to protection.  If any party contends, in writing, that any document, material, ESI, or other thing has been erroneously designated as Confidential Information, the party who designated the information as Confidential Information shall initiate a meet

and confer within ten (10) days with the opposing party and the parties shall make a good faith effort to resolve issues relating to such designations. After the meet and confer, the party who designated the information as Confidential Information shall file a motion with the Court within thirty (30) days of receiving such written notification establishing that the information is entitled to protection as Confidential Information under the law. If the designating party fails to timely file such a motion within the allotted thirty (30) day period, the document, ESI, material, or other thing, which is designated as Confidential Information, shall forthwith be produced and be deemed not to be Confidential Information. Any information or thing being challenged as inappropriately designated as Confidential Information shall nonetheless be treated as Confidential Information unless and until either (a) the designating party gives written permission to do otherwise; (b) the designating party fails to file a motion establishing that the challenged material is subject to protection as Confidential Information under the law within the thirty (30) day time period; or (c) the Court rules that the document, material, ESI, or other thing shall not be treated as confidential. Should the Court rule that any item designated as Confidential Information is not entitled to protection under the law, the designating party shall, within fourteen (14) days after all appeals are exhausted, provide the party challenging the confidential designation with copies of each item free of any language indicating that the item is subject to a Protective Order.

22.    **Nothing in this Order shall be deemed to shift the burden of proof to the party challenging the confidential designation with regard to whether the materials produced pursuant to his Protective Order are entitled to protection under the law as Confidential Information.**

VI.    **Filing Under Seal**

23.    **Where a Party Files Documents and Contends the Documents Should be Kept Sealed.** Where a party intends to file documents that contain Confidential Information with the Court, said party must file a motion for an order sealing the

documents consistent with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. A copy of the motion must be served on all parties that have appeared in the case.

24. **Where a Party Files Documents Claimed as Confidential by Another Party.** A party that files or intends to file with the Court Confidential Information produced by another party but does not intend to request to have the records sealed, must make a motion for leave to e-file sealed documents and follow the directions for doing so available on the Eastern District of New York home page.

If the party that produced the Confidential Information and was served with the above-mentioned notice fails to file a motion to seal the records within fifteen (15) days of receipt of the notice referenced in subsection 24(c) or to obtain a court order extending the time to file such motion, the clerk must remove the seal and place them in the public file. If the party files a motion or an application to seal within fifteen (15) days of receipt of the notice referenced in subsection 24(c) days or such later time as the Court has ordered, these documents are to remain conditionally under seal until the Court rules on the motion or application and thereafter are to be filed as ordered by the Court.

This section shall not apply with respect to documents admitted into evidence as exhibits at the trial of this matter. The Supplying Party reserves the right, however, to petition the Court for protection with respect to such documents admitted into evidence as exhibits at trial.

## VII.   Miscellaneous Provisions

25. **Amending or Modifying Protective Order.** By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or modified by consent or agreement of the parties or by order of the Court, and shall survive any final judgment or settlement in This Action, including, but not limited to, any final adjudication of any appeals and petitions for extraordinary writs, unless

otherwise vacated or modified by the Court. The Court shall have continuing jurisdiction over the terms and provisions of this Protective Order.

26.     **After Final Adjudication.** Upon written demand by the Supplying Party made within thirty (30) days after final adjudication of This Action, including but not limited to, any final adjudication of any appeals and petitions for extraordinary writs, the Receiving Party shall assemble and return all Confidential Information to the Supplying Party or, alternatively, shall destroy all such material at the Supplying Party's expense. The Receiving Party shall verify the complete destruction or return to the Supplying Party all such Confidential Information by executing and mailing to counsel for the Supplying Party an Acknowledgment in the form attached hereto as Exhibit B. A copy of each such executed Acknowledgement shall be maintained by counsel for the Receiving Party and counsel for the Supplying Party. Notwithstanding the foregoing provisions of this paragraph, the Receiving Party may maintain its privileged communications, work product, Acknowledgements pursuant to the Protective Order, materials required to be retained pursuant to applicable law, and all court-filed documents even though they contain Confidential Information, but such materials shall remain subject to the terms of this Protective Order. Notwithstanding the foregoing provisions of this paragraph, this provision may not be invoked while the law firm Alonso Kangle LLP has active pending cases relating to IVC Filters manufactured by C. R. Bard, Inc. and/or Bard Peripheral Vascular, Inc.

27.     The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial. The use of Confidential Information during trial will be addressed in a later agreement between the parties, or, if they cannot reach an agreement, by further order of the Court.

28.     Nothing in this Protective Order shall be deemed a waiver of any parties' right to oppose any motion by any other party for a protective order or to oppose any objection to the disclosure of any information or documents on any legal grounds,

including, but not limited to, the grounds that the party seeking the protective order has neither timely nor adequately objected to disclosure of such documents and information or moved for a protective order.

29.     This Protective Order does not relieve any party of its obligations to respond to otherwise proper discovery in This Action. Nothing contained in this Protective Order, or any action taken pursuant to it, shall waive or impair any party's right to assert claims of privilege or work product protection or the right of any party to object to the relevancy or admissibility of documents or information sought or produced or to assert objections to requested discovery on grounds other than Confidential Information. This Protective Order also shall not effect or create any presumption with respect to the right of any party from seeking or obtaining additional protection with respect to any documents, materials, or information where allowed by law.

30.     **Inadvertent Production.** Pursuant to Rule 502 of the Federal Rules of Evidence, inadvertent production of documents or ESI (hereinafter collectively "Inadvertently-Produced Documents") subject to work product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege in the pending case or in any other federal or state proceeding. In the event that a party inadvertently produces documents or ESI subject to a claim of privilege, the Supplying Party shall, within fifteen (15) days of the discovery of the inadvertent disclosure, notify the other party in writing of the inadvertent disclosure. The Supplying Party may, in the notice, request a "clawback" of the inadvertently disclosed material. Upon receiving notice of the inadvertent production, the parties agree to follow the procedures provided by Federal Rule of Civil Procedure 26(b)(5)(B) with respect to the clawback of the Inadvertently-Produced Documents. All notes or other work product of the Receiving Party, reflecting the contents of such materials, shall be destroyed and not used.

If the party receiving such Inadvertently-Produced Documents moves the Court to dispute the claim of privilege or immunity, the party shall not assert the fact or circumstances of the inadvertent production to challenge whether the material is, in fact, privileged. Likewise, as part of any such motion, the Receiving Party shall not challenge the "reasonable steps," as described in Rule 502(b) of the Federal Rules of Evidence, taken or not taken by the Supplying Party.

Pursuant to Federal Rule of Evidence 502(d), there is no waiver of privilege or work product immunity in this matter or any other matter in any other jurisdiction for any document or ESI returned or destroyed under this subsection, or for the subject matter of any such document or ESI, whether the privileged document or ESI was inadvertently produced following review or as part of a "Quick Peek" production. In the event that either party receives information produced in discovery from the other party that reasonably appears to be Inadvertently-Produced Documents, the Receiving Party shall promptly notify the Supplying Party in writing of the apparently inadvertent production.

31.    Each party shall retain all rights and remedies available to it under the law for the enforcement of this Protective Order against anyone who violates it.

32.    Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts the Court relies upon in making any findings, or issuing any ruling, order, judgment, or decree.

33.    Within thirty (30) days of any information that has been claimed as Confidential Information being de-designated or made publically available, the Supplying Party shall provide notice of the Confidential Information that has been de-designated and/or made publicly available. Such notice shall be made by identifying bates numbers or by other means such as identifying categories of information where the identification of bates numbers are not possible or not feasible. Publicly available includes documents that have been filed with any court or entered as an exhibit during

trial not under seal, provided, however, that the Supplying Party is not required to provide notice of de-designation with regard to such documents until any motion or request to seal those documents is denied.  This paragraph only applies to the extent that the Supplying Party knew or should have known that the information claimed as Confidential Information was de-designated or made publically available.

## **ORDER**

IT IS SO ORDERED.

_____

Honorable Arlene Rosario Lindsay
UNITED STATES MAGISTRATE JUDGE

DATED:

_____

CONSENTED TO BY:

ALONSO KRANGLE LLP

*/s/ Andres F. Alonso*
Andres F. Alonso (AFA 8307)
David B. Krangle (DBK 8085)
445 Broad Hollow Road, Suite 205
Melville, NY 11747
Tel: (516) 350-5555
AAlonso@alonsokrangle.com
DKrrangle@alonsokrangle.com

*Attorney for Plaintiff*

REED SMITH LLP

*/s/ Daniel K. Winters*
Daniel K. Winters (DW 1158)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
dwinters@reedsmith.com
jshook@reedsmith.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JESSICA DESERIO-MINTZ and ROBERT MINTZ, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: |
| vs. | ) ) | 2:14-cv-04942-LDW-ARL |
| C. R. BARD, INC., a foreign corporation, BARD PERIPHERAL VASCULAR, INC., a foreign corporation, and DOES 1 through 100, inclusive, | ) ) ) ) ) | **AGREEMENT TO MAINTAIN CONFIDENTIALITY** |
| Defendants. | ) ) | |

I, _____ [Name – Print or Type], have been given

and have read a copy of the Consent Protective Order, dated _____, 2014 in the case

of *Jessica Deserio-Mintz and Robert Mintz v. C. R. Bard, Inc., et al.*, Civil Action No.

2:14-cv-04942-LDW-ARL, pending in the United States District Court, Eastern District

of New York. I understand and will strictly adhere to the contents of said order. I

understand that produced material disclosed to me is subject to the order of this Court and

that I am prohibited from copying, disclosing or otherwise using such material except as

provided by said court order. I understand that my unauthorized disclosure of any

"Confidential Information" may constitute contempt of court, and I agree to be personally

subject to the jurisdiction of this Court for the purpose of enforcing my obligations under

this Agreement, the order, and any contempt proceeding that may be instituted for my

violation of the terms of this Agreement to Maintain Confidentiality and the Protective

Order. I also understand that my signature on this "Agreement to Maintain

Confidentiality," indicating my agreement to be bound by the terms of the Protective

Order, is required before I may be allowed to receive and review any produced

document and materials that are designated as "Confidential Information."

Date _____

_____
Print Name

_____
Signature

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JESSICA DESERIO-MINTZ and ROBERT MINTZ,   )
)
)
            Plaintiffs,  )
)
vs.                  )
)
C. R. BARD, INC., a foreign corporation,  )
BARD PERIPHERAL VASCULAR, INC., a  )
foreign corporation, and DOES 1 through  )
100, inclusive,            )
)
          Defendants.  )
)

Civil Action No.:
2:14-cv-04942-LDW-ARL

**ACKNOWLEDGMENT OF
DESTRUCTION OR RETURN OF
CONFIDENTIAL INFORMATION**

I, _____ [Name – Print or Type], am over the age of 18 years and am a resident of _____ County, _____. I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

I have requested and received from _____ all of the Confidential Information contained in the materials, transcripts, and other things produced in this case, *Jessica Deserio-Mintz and Robert Mintz v. C. R. Bard, Inc., et al.*, Civil Action No. 2:14-cv-04942-LDW-ARL, pending in the United States District Court, Eastern District of New York.

I have either destroyed or have attached hereto all of the Confidential Information contained in the materials, transcripts, and other things, including those materials which were returned to me by the experts and consultants mentioned above in accordance with the preceding paragraph, and as described in the Protective Order which was entered by this Court. Notwithstanding the foregoing provisions of this paragraph, the Receiving Party may maintain its privileged communications, work product, Acknowledgements pursuant to the Protective Order, materials required to be retained pursuant to applicable law, and all court-filed documents even though they contain Confidential Information, but such materials shall remain subject to the

terms of this Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date _____

_____
Print Name

_____
Signature